UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSEPH ALLAN MALINE,

                Plaintiff,

v.                                                               Case No. 20-cv-1655-bhl

MILWAUKEE COUNTY JAIL,

                Defendant.

---

### SCREENING ORDER

---

Joseph Maline, who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his constitutional rights were violated when he was incarcerated at the Milwaukee County Jail. This decision resolves Maline's motion for leave to proceed without prepaying the filing fee (Dkt. No. 2) and screens his complaint (Dkt. No. 1).

**Motion for Leave to Proceed without Prepaying the Filing Fee**

Although Maline is no longer incarcerated, the Prison Litigation Reform Act (PLRA) applies to this case because he was incarcerated when he filed his complaint. *See* 28 U.S.C. §1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On November 25, 2020, the Court ordered Maline to pay an initial partial filing fee of $30.00. Dkt. No. 6. Maline paid that fee on December 23, 2020. The Court will grant Maline's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

**Screening the Complaint**

**A. Federal Screening Standard**

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes liberally complaints filed by plaintiffs who are representing themselves. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### B. Background Allegations

Maline alleges that, on July 19, 2020, while he was at the Milwaukee County Jail, another inmate assaulted him. According to Maline, Officer Hooks knew that the inmate planned to follow Maline into his cell and assault him, but he did nothing to stop the inmate or prevent the assault. Maline asserts that Hooks blamed other inmates for not stopping the assault. Maline states that, as a result of the assault, he has a scar on his face, constant anxiety, trouble sleeping, and nightmares.

**C. Analysis**

Maline names only the Milwaukee County Jail in the caption of his complaint, but the Jail is not a proper defendant. Section 1983 allows a plaintiff to sue a "person" who violates his constitutional rights under color of state law. A jail is not a "person." While the Supreme Court has held that there are some circumstances in which municipalities or local government units can be considered "persons" and sued under §1983, *Monell*, 436 U.S. 658 (1978), a jail is not a municipality or a local government unit. The Court will dismiss the jail because it is a non-suable entity. *See Smith v. Knox County Jail*, 666 F3d 1037, 1040 (7th Cir. 2012).

As the Seventh Circuit Court of Appeals has explained, however, the fact that a pro se plaintiff does not name individual defendants in the caption of his complaint is not dispositive. *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 559 (7th Cir. 1996). Courts are to construe complaints liberally, and so they may construe a complaint as having named a defendant who is mentioned only in the body of the complaint. *Id.* at 559-60. Maline makes clear in the body of his complaint that he believes Officer Hooks violated his rights when he failed to protect Maline from another inmate despite knowing the inmate planned to assault him. The Court will add Officer Hooks as a defendant.

Maline does not clarify whether he was a pretrial detainee or a convicted prisoner when he was at the Jail. If he was a pretrial detainee, his claim arises under the Fourteenth Amendment's Due Process Clause and is subject to an objective unreasonableness standard. *See Hardeman v. Curran*, 933 F.3d 816, 821-22 (7th Cir. 2019) (noting that the Supreme Court has signaled that courts must pay attention to the different status of pretrial detainees). If he was a convicted prisoner, his claim arises under the Eighth Amendment's Cruel and Unusual Punishments Clause and is subject to a deliberate indifference standard. *See Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). The Court need not determine Maline's status at this stage because his allegations that Hooks knew that the inmate intended to follow and assault him are sufficient to state a claim under both amendments.

**Conclusion**

The Court **GRANTS** Maline's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

3

The Court **DISMISSES** Milwaukee County Jail as a defendant and **DIRECTS** the clerk's office to add Officer Hooks as a defendant.

Under an informal service agreement between Milwaukee County and this Court, a copy of the complaint and this order have been electronically transmitted to Milwaukee County for service on defendant Hooks. Under the informal service agreement, the Court **ORDERS** the defendant to file a responsive pleading to the complaint within 60 days.

The Court **ORDERS** Maline to pay the remainder of the filing fee ($320.00) over time as he is able. He may mail payments to the clerk's office at the address below. He should take care to label his payments with his case name and number.

The Court **ORDERS** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

The Court **ORDERS** Maline to submit the original document for each filing to the Court to the below address. Because Court staff will electronically scan and enter on the docket each filing upon receipt, Maline does not need to mail copies to the defendant. The defendant will be served electronically through the Court's electronic case filing system.

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

The Court advises Maline that, if he fails to file documents or take other required actions by the deadlines the Court sets, the Court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. Maline's failure to keep the Court advised of his whereabouts may result in the Court dismissing this case without further notice.

The Court will include a guide prepared by court staff to address common questions that arise in cases filed by pro se plaintiffs. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Maline may find useful in prosecuting his case.

Dated at Milwaukee, Wisconsin this 5th day of January, 2021.

BY THE COURT:

s/ *Brett H. Ludwig*

BRETT H. LUDWIG

United States District Judge